2. LANDLORD AND TENANT, § 264*—*when changing access to premises does not constitute eviction.* A manufacturer of brooms leased the second floor of a building. By agreement a trapdoor between the first and second floor was to be used by the tenant in receiving his supplies and a chute from a canopy on the outside of the building was to be used in loading wagons. Subsequently the landlord provided a hoist on the outside of the building to enable the tenant to receive his supplies and extended the chute after taking away the canopy. *Held* that the changes made by the landlord did not constitute an eviction so as to relieve the tenant from paying rent, it appearing that he was dispossessed of no part of the second floor of the building and that the changes made were not to the tenant's disadvantage.

3. JUDGMENT, § 508*—*when not res adjudicata on question of eviction.* A judgment in favor of a tenant in an action against him for possession and rent in which he pleaded a partial eviction is not *res adjudicata* on question of eviction where it does not appear from the record of the case but that it was based on some other ground, and the facts alleged to constitute the eviction are not the same as when the judgment was rendered.

---

Carl Strum, Appellee, v. J. M. Berry and L. C. Berry, Appellants.

Gen. No. 18,457.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed February 2, 1914.

Statement of the Case.

Proceeding between Carl Strum against J. M. Berry and L. C. Berry in connection with the controversy narrated in a proceeding between the same parties reported on page 113, *ante.* The defendants to the complainant's bill filed a cross-bill praying that the complainant be enjoined from prosecuting a suit instituted by complainant against the defendants growing out of

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

the same matters alleged in the chancery suit. An injunction issued as prayed. Thereafter a demurrer to the cross-bill was sustained and the injunction dissolved and complainant filed a suggestion of damages. From a finding of the master allowing complainant two hundred and fifty dollars damages for solicitor's fees, complainants in the cross-bill appeal.

MILLER, GORHAM & WALES, for appellants.

HENRY & ROBINSON, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

INJUNCTION, § 321*—*when allowance of solicitor's fees not excessive.* On assessment of damages on dissolution of an injunction issued upon a cross-bill, allowance to complainant of two hundred and fifty dollars as solicitor's fees *held* not excessive.

---

### Louis Glickman, Defendant in Error, v. Henry Shallat and Samuel Stein, Plaintiffs in Error.

### Gen. No. 18,524.

1. BROKERS, § 3*—*license.* There is no statute requiring a real estate broker to have a license.
2. APPEAL AND ERROR, § 1038*—*judicial notice ordinances.* The Appellate Court cannot take judicial notice of ordinances.

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed February 2, 1914.

SMEJKAL, KLENHA & KRASA, for plaintiffs in error.

BELL & CROSS, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.